IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

        Plaintiff,

vs.   No. CV 21-00895 RB/KK

WILLIAM P. JOHNSON,
KEVIN R. SWEAZEA,
KEA W. RIGGS,
GREGORY J. FOURATT,
LAURA FASHING, and
ALL FEDERAL JUDGES OF THE UNITED STATES,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**STRIKING CIVIL COMPLAINT AND CLOSING CASE**

**THIS MATTER** is before the Court sua sponte under Federal Rule of Civil Procedure 11(a) on the Civil Complaint filed by Plaintiff Star Joseph. (Doc. 1.) The Court will strike the unsigned Complaint as required by Rule 11(a) and D.N.M. LR-Civ. 10.3(b) and will close this civil case.

**I.**    **The Law Regarding Signing of Pleadings**

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Under the Federal Rules of Civil Procedure, the real party in interest must prosecute each action. *See* Fed. R. Civ. P. 17(a). Rule 8 of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 11 states:

> Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented . . . . *The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention*. By presenting to the court a pleading, written motion, or other paper . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Fed. R. Civ. P. 11(a) and (b) (emphasis added). Rule 11 authorizes the imposition of sanctions for violation of the Rule. Fed. R. Civ. P. 11(c); *see also Rapchak v. Bowen*, No. CIV 19-0186 JB/CG, 2020 WL 1308571, at *1–2 (D.N.M. Mar. 19, 2020). The Court's Local Rules also provide that "[a] paper filed without a signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention." D.N.M. LR-Civ. 10.3(b).

## II. The Court Will Strike the Unsigned Civil Complaint

Joseph filed his Civil Complaint on September 13, 2021. (Doc. 1.) Joseph is proceeding pro se. Joseph did not sign the Complaint, in violation of Rule 11(a)'s requirements. On September 29, 2021, the Court sent Joseph a Notice of Fed. R. Civ. P. 11(a) Omission. (Doc. 7.) The Court notified Joseph of Rule 11(a)'s signature provision and the requirement that he remedy the omission of his signature within 14 days under Rule 11(a) and D.N.M. LR-Civ. 10.3(b). (Doc. 7.)

The Notice informed Joseph that if he did not remedy the omission of his signature within 14 days, the Complaint would be stricken. (*Id.*)

More than 14 days have elapsed since the Court notified Joseph of the omission. Joseph has not remedied the omission of his signature as required by the Fed. R. Civ. P. 11(a) and D.N.M. LR-Civ. 10.3(b). Therefore, the Court will strike the Civil Complaint and will close this civil case. Also pending before the Court are the Motion to Amend Civil Complaint (Doc. 3), the Motion to Appoint Counsel (Doc. 4), the Motion to Discharge Fees and Costs (Doc. 6), the Motion to Proceed Pro Se (Doc. 8), the Motion to Serve Subpoenas and Complaint (Doc. 9), and the Motion to Show Cause and Objection to Denial of Motion to Discharge Fees and Costs (Doc. 11). The Court will deny the motions as moot in light of this Order striking the Civil Complaint.

**IT IS ORDERED:**

**(1)** Joseph's Motion to Amend Civil Complaint (Doc. 3), Motion to Appoint Counsel (Doc. 4), Motion to Discharge Fees and Costs (Doc. 6), Motion to Proceed Pro Se (Doc. 8), Motion to Serve Subpoenas and Complaint (Doc. 9), and Motion to Show Cause and Objection to Denial of Motion to Discharge Fees and Costs (Doc. 11) are **DENIED** as moot;

**(2)** the Civil Complaint (Doc. 1) is **STRICKEN** pursuant to Fed. R. Civ. P. 11(a) and D.N.M. LR-Civ. 10.3(b); and

**(3)** this civil case is **CLOSED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE